**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In Re: | § § | |
| **BNP PETROLEUM CORP. &** | § | **CASE NO. 09-20206** |
| **BNP OIL & GAS PROPERTIES, LTD.,** | § | **CASE NO. 09-20612** |
| | § | **(Chapter 7)** |
| | § § | |
| Debtors, | § | **JOINTLY ADMINISTERED UNDER** |
| | § | **CASE NO. 09-20206** |

| | | |
|---|---|---|
| **PAUL BLACK,** *et al.*, | § § | |
| Appellants, | § § | |
| v. | § § | **CIVIL ACTION NO. 2:11-CV-258** |
| **MICHAEL B. SCHMIDT, Trustee,** | § | |
| **TOBY SHOR, SEASHORE** | § | |
| **INVESTMENTS MGMT. TRUST, &** | § | |
| **2004 GRAT,** | § § | |
| Appellees. | § | |

**MEMORANUM OPINION & ORDER**

This appeal arises from the Bankruptcy Court's entry of a Final Sale Order approving the Joint Sale Motion and the Sale and Conveyance of Estates' Rights, Settlement Agreement, and Mutual Release between Appellees Toby Shor, Seashore Investments Management Trust, and 2004 GRAT (collectively "Seashore") and the Chapter 7 Trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"). Now pending before the Court is Appellant Paul Black's Motion to Abate Pending Ruling by the Bankruptcy Court (Dkt. No. 32), which the Court will construe as a motion to stay the appeal. The Trustee and Seashore have responded to Black's motion (Dkt. Nos. 35 & 36, respectively), Black has replied (Dkt. No. 37), and Seashore has filed a supplemental response (Dkt. No. 39).

1

**I. Background**

On April 3, 2009, three major oil and gas service providers filed an involuntary petition against Debtor BNP Petroleum Corporation ("BNP Petroleum") under Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court. On August 5, 2009, BNP Petroleum moved to convert its case to Chapter 11, after which the Bankruptcy Court entered an order converting BNP Petroleum's case to Chapter 11. On September 22, 2009, Debtor BNP Oil & Gas Properties, Ltd. ("BNP Oil & Gas") filed a voluntary petition under Chapter 11. On October 13, 2010, the Bankruptcy Court granted Seashore's motion to convert the Debtors' cases to Chapter 7 for cause and appointed Michael B. Schmidt as the Trustee of the Debtors' Chapter 7 estates. The BNP Petroleum and BNP Oil & Gas cases are jointly administered in the Bankruptcy Court.

While the Debtors' bankruptcy cases were pending, and pursuant to an order of the Bankruptcy Court lifting the automatic stay with respect to BNP Oil & Gas for such purpose, Seashore pursued its claims against BNP Oil & Gas and other Black Entities[1] in an Arbitration Proceeding styled *PBF Investments, et al. v. Toby Shor and Seashore Investments Management Trust*, AAA Arbitration No. 70-198-Y00161-09 (AAA Dallas, TX), whereby Seashore alleged causes of action for breach of promissory notes between Seashore and the Black Entities along with fraud and various tort claims. On August 17, 2010, following several weeks of trial, the

---

1. The "Black Entities" are defined in the Seashore Sale Agreement to include Appellant Paul Black, certain family members of Paul Black, and a number of entities owned, controlled, or otherwise connected to Paul Black, including Land & Bay Gauging, LLC ("Land & Bay"), SGW Interests, LLC ("SGW"), BNP Operating, LLC ("BNP Operating"), 5302 Mandell Property, LP ("Mandell Property"), 5302 Mandell Property I, LLC ("Mandel Property LLC"), BNP Commercial Properties, LLC ("BNP Commercial"), BNP Commercial Properties, Ltd (Commercial Ltd"), HBP Ltd. ("HBP"), HBP Partners, Ltd. ("HBP Partners"), BNP Networks, LLC ("BNP Networks"), 500 N. Water, LLC ("N. Water"), 5262 Staples, LLC ("Staples"), BNP Holdings, Ltd. ("BNP Holdings"), 500 N. Water St. Property I, LLC (500 N Water), 500 N. Water St. Property, LP (N Water LP), 5262 Staples, Ltd (Staples Ltd), 5262 GP, LLC (Staples GP), 5262 Staples II, Ltd (Staples II, Ltd), 5262 Staples GP II, LLC (Staples II LLC), Bistro CP, LLC ("Bistro"), Black Commercial Holding, LLC ("Commercial Holdings"), Black Energy Resources Co. (Black Energy"), BNP Exploration Company (BNP Exploration") CCEX, LLC ("CCEX"), Intrepid Oil & Gas, LLC ("Intrepid"), PBF Investments, Ltd ("Investments"), RPH Financial Investments Corp ("RPH"), TSE Equities I, LLC ("TSE"), James Black, III ("Black, III"), James Black, IV ("Black IV"), Wendy Bennett ("Bennett").

Arbitration Panel entered an Arbitration Award providing Seashore with an award of over $26 million against BNP Oil & Gas and over $30 million against the Black Entities, including an award of $5 million in exemplary damages against Appellant Paul Black based on findings of fraud and violations of fiduciary duty. Seashore then obtained a final judgment on the Arbitration Award in County Court at Law No. 3 in Nueces County, Texas on April 6, 2011. On August 8, 2011, the State Court entered an order requiring the turnover of certain non-exempt assets of Paul Black.

Meanwhile, on June 1, 2010, the Trustee commenced an action against Seashore and the Black Entities ("Trustee Suit") by filing a Complaint alleging causes of action for: actual and constructive fraudulent transfers under state and federal law, conversion, breach of fiduciary duty, turnover of estate property, equitable subordination, and aiding and abetting. In response, Seashore filed a counterclaim against the Trustee pursuant to Texas Business & Commerce Code § 24.013 for the payment of legal fees that Seashore has incurred. The Trustee initially negotiated a settlement of the Trustee Suit with Black dated June 8, 2011 ("Black Settlement"). The Trustee announced the Black Settlement before the Nueces County Court at Law No. 3, stating he would file a motion for approval by the Bankruptcy Court on an expedited basis.

Shortly thereafter, on June 24, 2011, the Trustee executed a separate settlement agreement with Seashore, providing for the Trustee's sale to Seashore of all claims held by the Debtors' estates against the Black Entities and a settlement of claims between the Trustee and Seashore ("Seashore Sale Agreement"). Specifically, the Seashore Sale Agreement provided for Seashore to pay to the Trustee the sum of $216,000; Seashore to share recoveries with the Trustee that it obtains from the Black Entities, up to a cap of $1,750,000; and mutual releases between the Trustee and Seashore and the dismissal with prejudice of the claims pending between those Parties. The Trustee concluded that the Seashore Sale Agreement provided the

Debtors' estates with higher and better value than the Black Settlement Agreement. Thus, on June 28, 2011, the Trustee and Seashore filed their Joint Sale Motion to approve the Seashore Sale Agreement in the Bankruptcy Court. In response, Black filed a Motion to Compel the Trustee to seek approval of the Black Settlement Agreement.

On July 26, 2011, following full evidentiary hearings, the Bankruptcy Court entered detailed Findings of Fact (FOF) and Conclusions of Law (COL) and a separate Final Sale Order. In its FOF/COL, the Bankruptcy Court approved the Seashore Sale Agreement, concluding that it was fair and reasonable and was negotiated in good faith between the Trustee and Seashore. The Bankruptcy Court also expressly disapproved the Black Settlement and a last-minute informal proposal from Paul Black's close friend, Walter Oblach.

On August 2, 2011, Paul Black and the Black Entities filed a Notice of Appeal of the Final Sale Order seeking to dissolve the Seashore Sale Agreement and substitute another agreement in its place—either the Black Settlement or the offer from Mr. Oblach. That same day, Black filed an Emergency Expedited Motion Seeking Stay Pending Appeal with this Court. The Court temporarily granted Black's motion pending further order of the Court, explaining that it was currently presiding over a jury trial and needed more time to thoroughly consider the motion. However, after fully considering Black's motion, on September 1, 2011 the Court issued a second order annulling and terminating the previously-issued stay.

At the present time, the appeal has been fully briefed. Seashore has also moved to dismiss the appeal, to which Black has responded. Both Black's appeal and Seashore's motion to dismiss are pending and ripe for ruling; however, before the Court could rule on either, Black filed a Motion to Set Aside Seashore [Sale] Agreement with the Bankruptcy Court, which is actually a motion for relief from judgment or order under Federal Rule of Civil Procedure 60. In sum, Black's motion alleges that the Bankruptcy Court's approval of the Seashore Sale Agreement

4

was fraudulently obtained after Seashore concealed from the Bankruptcy Court that Seashore and its attorneys: (1) were seeking a turnover order from Nueces County Court at Law No. 3 that would illegally convey ownership of certain Black Entities directly to Seashore; (2) had entered into an agreement with the Canales Group, who oversaw the Black children's trust, whereby Seashore would convey to them 10% of its recoveries from Black on the Arbitration Award; and (3) had convinced a limited partner of Black to breach fiduciary duties to Black by agreeing not to assist Black but to instead affirmatively provide Seashore with material assistance in its collection efforts.

According to Black, if the Bankruptcy Court grants the relief requested in his Motion to Set Aside, then his appeal currently pending before this Court will be moot. As such, Black now asks the Court to stay the appeal until such time that the Bankruptcy Court rules on his Motion to Set Aside.

## II. Analysis

### A. Jurisdiction

Seashore first argues that there is no reason to abate this appeal in deference to Black's Motion to Set Aside before the Bankruptcy Court because the Bankruptcy Court lacks jurisdiction to consider Black's motion.

"It is a fundamental tenet of federal civil procedure that—subject to certain, defined exceptions—the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re Transtexas Gas Corp.*, 303 F.3d 571, 578–79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982)). "This rule applies with equal force to bankruptcy cases." *Id.* (citing *In re Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995)).

5

Once the notice of appeal has been filed, a bankruptcy court may *consider* or *deny* a Rule 60 motion; however, it no longer has jurisdiction to *grant* such a motion while the appeal is pending. *See Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). If the bankruptcy court is inclined to grant the Rule 60 motion, then it must obtain the leave of the district court. *See Id.* "'*Without obtaining leave, the [bankruptcy court] is without jurisdiction, and cannot grant the motion.*'" *Id.* (quoting *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995) (emphasis in *Shepard*)). If the bankruptcy court "'indicates that it will grant the motion, the appellant should then make a motion in the [district court] for a remand of the case in order that the [bankruptcy] court may grant such motion.'" *See Id.* (quoting *Winchester*, 68 F.3d at 949). *See also* FED. R. CIV. P. 62.1.

Thus, although Black must move this Court to remand in the event the Bankruptcy Court indicates that it will grant his Motion to Set Aside, Seashore's argument that the Bankruptcy Court is without jurisdiction to even consider Black's Motion to Set Aside is incorrect.

**B. Futility**

Seashore next argues that the Court should not abate the appeal because Black's Motion to Set Aside is futile and nonmeritorious. Specifically, Seashore claims that Black's Motion to Set Aside: (1) is untimely under FED. R. CIV. P. 60(c)(1); (2) contains allegations that are unsupported by evidence, and, even if true, fail to impact or undermine the vast majority of the grounds given by the Bankruptcy Court for approving the Seashore Sale Agreement; (3) turns on state law issues related to state court proceedings that are still pending; and (4) relies on evidence gathered through misuse of a prior, unrelated hearing before the Bankruptcy Court.

Black acknowledges that motions brought pursuant to Rules 60(a)(1), (a)(2), and (a)(3) must be filed within one year after entry of the judgment or order in question—in this case, July 26, 2011. However, Black explains that because his motion seeks to set aside the order approving

6

the Seashore Sale Agreement based on fraud on the Bankruptcy Court under Rule 60(d)(3) and/or "any other reason that justifies relief" under Rule 60(b)(6), his motion need only be brought within a "reasonable time." *See* FED. R. CIV. P. 60(c)(1). Black further argues that it is the Bankruptcy Court's responsibility to determine whether the Motion to Set Aside was brought within a reasonable time and whether there is any merit to its allegations of fraud on the Bankruptcy Court that would justify setting aside the Seashore Sale Agreement. *See Hazel-Atlas Glass Co. v Hartford Empire Co.*, 322 U.S. 238, 240–43 (1944), overruled on other grounds by *Standard Oil Co. v. United States*, 429 U.S. 17 (1976) ("After a hearing the Circuit Court concluded that, since the alleged fraud had been practiced on it rather than the District Court, it would pass on the issues of fraud itself instead of sending the case to the District Court.").

Because Black's Motion to Set Aside was filed with the Bankruptcy Court, alleges that fraud has been committed on the Bankruptcy Court, and asks the Bankruptcy Court to set aside its own prior order, the Court finds that the proper entity to determine whether Black's Motion to Set Aside is timely and/or meritorious is the Bankruptcy Court.

### C. Prejudice caused by delay

Finally, Seashore argues that delay in the appeal would prejudice the Parties and the bankruptcy estate. Specifically, the estate will be prejudiced because the release of $216,000 due to the Trustee as consideration for the Seashore Sale Agreement cannot occur until the settlement is no longer subject to appeal. Furthermore, any delay due to abatement would be even longer given that Black initially filed his Motion to Set Aside in the adversary proceeding, not in the main bankruptcy case.

Black admits that he originally filed his Motion to Set Aside in Adversary Case No. 10-02022 on December 11, 2012; however, based on concerns that the motion should have been

filed in the main bankruptcy case as well, Black re-filed an identical motion in the main bankruptcy case on January 1, 2013.

Given that Black re-filed his Motion to Set Aside within three weeks of the original filing, the Court finds that there should be no undue delay caused by this misfiling. Moreover, although $216,000 remains in escrow until the Seashore Sale Agreement is no longer subject to appeal, the bankruptcy itself is not stayed pending appeal. Seashore is free to pursue its collection efforts against the Black Entities, and the Trustee is free to sell certain assets of the Debtors' estates. As such, staying this appeal until the Bankruptcy Court considers Black's Motion to Set Aside will not unduly prejudice the estate.

## IV. Conclusion

For the reasons set forth above, Black's Motion to Abate Pending Ruling by the Bankruptcy Court (Dkt. No. 32) is **GRANTED**, and this appeal is hereby **STAYED**.

If the Bankruptcy Court indicates that it will grant Black's Motion to Set Aside, Black shall move this Court for a remand of the case in order that the Bankruptcy Court may grant his motion. *See* FED. R. CIV. P. 62.1; *Shepherd*, 372 F.3d at 329.

If the Bankruptcy Court denies Black's Motion to Set Aside, the Parties shall immediately notify this Court, and the stay shall be lifted.

It is so **ORDERED**.

**SIGNED** this 27th day of February, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE